UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

NERI TAWFIQ,

    *Plaintiff,*

v.

TERESA DUFRESNE,

    *Defendant*.

_____/

CASE NO. 21-CV-10976
DISTRICT JUDGE PAUL D. BORMAN
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 4)**

**I.  RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's Motion for Summary Judgment, (ECF No. 4), be **GRANTED** and the case be dismissed.

**II.  REPORT**

    **A.  Introduction**

On April 30, 2021, the present case was removed from the 10th Circuit Court for the State of Michigan by Defendant. (ECF No. 1.) Plaintiff Neri Tawfiq, who appears before the Court *pro se*, filed a petition for a personal protection order against Defendant in the Saginaw County Circuit Court, (ECF No. 1, PageID.8), and filed a formal Equal Employment Opportunity ("EEO") complaint with the Equal Employment Opportunity Commission ("EEOC") (ECF No. 4, Exhibit No. 3), which is presently under review at the EEOC. (*Id*.)

1

After removing the matter to federal district court, Defendant filed the present Motion for Summary Judgment on June 29, 2021. (ECF No. 4). Plaintiff has not responded despite a July 7, 2021 Order requiring a response to the Motion. (ECF No. 6.) All pretrial matters were referred to the undersigned on July 1, 2021. (ECF No. 5.)

### B.     Factual Background

Plaintiff is a current patient and a former employee of the U.S. Department of Veterans Affairs ("VA"). (ECF No. 4, PageID.32.) Defendant is the Chief of Pharmacy at the Saginaw VA and was Plaintiff's "third-line" supervisor while Plaintiff was employed there. (*Id.*)

According to Defendant's version of events, which I note is undisputed by Plaintiff as he has failed to respond to the Motion, Plaintiff had an "outburst" at work on March 23, 2021 where he "yelled, used profanity, and made threats." (*Id*. at PageID.33, citing Exhibit 1.) Defendant recommended to upper management that Plaintiff be terminated from his position based on the outburst, and Plaintiff was ultimately terminated that same day. (*Id.* at PageID.33.) Plaintiff was informed only to speak with Human Resources about his termination and was instructed not to contact Defendant. (*Id.*, citing Exhibit 2.)

On March 25, 2021, Plaintiff filed an EEO complaint based on his termination alleging that the VA discriminated against him. (*Id*. at PageID.33.) On March 29, 2021, Plaintiff emailed Defendant twice—Defendant did not respond. (*Id.*, citing Exhibit 4.)

On March 31, 2021, a "regional VA management committee" reviewed Plaintiff's outburst and determined that he "posed a risk to patient and staff safety when visiting VA medical facilities as a patient." (*Id*. at PageID.33, citing Exhibit 5.) Based on that

2

determination, Plaintiff was required to "check in with VA Police when he arrives at any VA facility and VA police are required" to escort Plaintiff to and from his appointments at the VA. (*Id*. at PageID.33-34, citing Exhibit 2.)

On April 12, 2021, Plaintiff filed a petition for a personal protection order ("PPO") against Defendant in the Saginaw County Circuit Court, (ECF No. 1, PageID.8), and filed a formal Equal Employment Opportunity ("EEO") complaint with the Equal Employment Opportunity Commission ("EEOC") (ECF No. 4, Exhibit No. 3), which is presently under review at the EEOC. (*Id*. at PageID.35.)

In his petition for a PPO, Plaintiff alleged that Defendant is stalking him under Michigan's criminal stalking statute and is requesting that Defendant be prevented from "occupy[ing] and VA facility where [Plaintiff] receive[s] care," "sending mail or other communications to [Plaintiff]," and "filing false accusations report against [Plaintiff.]" (*Id*. at PageID.35, ECF No. 1, PageID.8.)

On April 13, 2021, the state court denied Plaintiff's petition, and on April 16, 2021, Plaintiff requested a hearing and served Defendants with a notice of hearing. (*Id*. at PageID.35, citing ECF No. 1, PageID.13-14.) The state court hearing was set for May 13, 2021. (*Id*.) On April 30, 2021, the United States removed the action to federal court under 28 U.S.C. § 1442 "because [Plaintiff's] state court action for a [PPO] would have enjoined a federal employee from performing her federal duties." (*Id*. at PageID.36.)

C. **Summary Judgment Standard**

When a movant shows that "no genuine dispute as to any material fact" exists, the court will grant his motion for summary judgment. Fed. R. Civ. P. 56(a). In reviewing such

3

a motion, the court must view all facts and inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party bears "the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986)) (internal quotation marks omitted). In making its determination, a court may consider the plausibility of the movant's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving party shows that the non-moving party cannot meet its burden of proof. *Celotex*, 477 U.S. at 325.

The non-moving party cannot rest merely on the pleadings in response to a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). "[T]o withstand a properly supported motion for summary judgment, the non-moving party must identify specific facts and affirmative evidence that contradict those offered by the moving party." *Cosmas v. Am. Express Centurion Bank*, 757 F. Supp. 2d 489, 492 (D. N.J. 2010). In doing so, the non-moving party cannot simply assert that the other side's evidence lacks credibility. *Id.* at 493. And while a *pro se* party's arguments are entitled to liberal construction, "this liberal standard does not, however, 'relieve [the party] of his duty to meet the requirements necessary to defeat a motion for summary judgment.'" *Veloz v. New York*, 339 F. Supp. 2d 505, 513 (S.D. N.Y. 2004) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d

4

Cir. 2003)). "[A] pro se party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D. N.Y. 1995) (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

When the non-moving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. The court will rely on the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992). After examining the evidence designated by the parties, the court then determines "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so onesided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

It is important to note that Plaintiff has not responded to Defendant's Motion for Summary Judgment. As stated in *Arrington v. Cenlar Federal Savings Bank*, where "[t]he Court notes that Plaintiff did not respond to Defendants' motion for summary judgment," "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded." No. 19-10571, 2020 WL 5258466, at *2 (E.D. Mich. Sept. 2, 2020) (citing *Carver v Bunch*, 946 F2d 451, 455 (6th Cir. 1991)). "The movant bears the burden of showing the absence of a genuine issue as to a material fact 'regardless if an adverse party fails to respond.'" *Arrington*, 2020 WL 5258466, at *2 (citing *Carver*

5

at 454-455.) There, as here, "Defendants' version of events as set forth in the present motion and accompanying exhibits is unchallenged." *Arrington*, 2020 WL 5258466, at *2.

And as in *Simpson v. Metropolitan Life Insurance Corporation*, "[t]he Court may grant a motion for summary judgment to which the plaintiff failed to respond if it first 'examine[s] the moving party's motion for summary judgment to ensure that it has discharged its initial burden' of demonstrating 'the absence of a disputed question of material fact and a ground that would entitle the moving party to judgment as a matter of law.'" No. 18-cv-11724, 2019 WL 1354186, at *2 (E.D. Mich. Mar. 26, 2019) (citing *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005)).

### D. Analysis

"A civil action commenced in a state court against any officer of the United States, or any person acting under that officer, for or relating to any act under color of such office, may be removed to federal district court. 28 U.S.C. § 1442(a)(1). In such a case, removal is proper where "the underlying action was a civil proceeding commenced against a federal employee working under an officer of the United States and the suit is for alleged actions at the workplace." *Clark v. United States*, No. 21-507, 2021 WL 3129623, at *1 (W.D. Wash. Jul. 23, 2021) (citation and quotations marks omitted.)

"An action against a government official, acting within the scope of their authority, is considered an action against the United States." *Clark*, 2021 WL 3129623, at *1 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). "The United States may only be sued to the extent it has waived sovereign immunity. *Clark*, 2021 WL 3129623, at *1

6

(citing *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995)). "Waiver must be unequivocal." *Clark*, 2021 WL 3129623, at *1.

In the present matter, Defendant argues that the requested relief would prevent Defendant, a federal employee, from entering her place of employment; a suit against a federal official acing in the scope of their employment is a suit against the sovereign; and the United States, as sovereign, is immune from suit unless it consents to suit. (ECF No. 4, PageID.38-39.) In essence, Defendant argues that this suit against Defendant is barred by sovereign immunity. (*Id*.) Defendant also argues that the Mandamus Act and the Administrative Procedure Act ("APA"), which provide limited waivers of the government's sovereign immunity, do not apply here. (*Id*. at PageID.39-40.)

*Clark* is similar to the issue at hand. In *Clark*, both the plaintiff and the defendants were employees of the VA. *Clark*, 2021 WL 3129623, at *1. The plaintiff filed for a "temporary order of protection" against the defendant in a state court, and the U.S. Attorney's Office removed the matter to federal court under 28 U.S.C. § 1442(a)(1) based on the defendant "acting within the scope of his official duties of employment." *Id*. And, as here, the defendant there also moved for dismissal on the basis that the complaint against the defendant lacked subject-matter jurisdiction "because the United States has not waived sovereign immunity to allow its employees to be subject to orders of protection issued by state courts regarding conduct in the course of official duties." *Id*.

The court in *Clark* held that the petition in question did not "identify any provision of law by which the United States has waived sovereign immunity for the purpose of permitting its employees, acting in the scope of their employment, to be sued such that a

7

state court order of protection could be issued against them and restrict their activities at the workplace," and, notably, the court itself was also "unable to identify any such waiver." *Clark*, 2021 WL 3129623, at *2. Further, the court noted, "the allegations in the petition cut against jurisdiction because the relief sought would interfere with duties carried out by a federal employee at a federal workplace . . . ." *Id*. The court granted the motion to dismiss, noting that "[c]ourts considering similar circumstances have reached the same conclusion—there is no subject-matter jurisdiction." *Id*. (citing *Hendy v. Bello*, 555 Fed. Appx. 224, 226-27 (4th Cir. 2014)).

I suggest the same is true here. To grant the relief requested in the petition for a PPO would prevent Defendant from performing her duties of employment at a federal agency, or in other words, would prevent her from carrying out her official duties.

"The doctrine of sovereign immunity removes subject matter jurisdiction in lawsuits against the United States unless the government has consented to suit." *Beamon v. Brown*, 125 F. 3d 965, 967 (6th Cir. 1997) (citations omitted.) It is unclear whether Plaintiff intended to identify a limited waiver to this rule, but as Defendant points out, the Administrative Procedure Act ("APA") was enacted to provide limited waivers to the general rule that the United States and its officers are immune from suit.

In *Beamon*, the Sixth Circuit summarizes that "[a]lthough the APA provides a broad waiver of sovereign immunity, codified at 5 U.S.C. § 702, the waiver is limited by two exceptions that are relevant to this case." *Id*. The Court continued, "[f]irst, § 701(a)(1) provides that Chapter 7 of the APA, including § 702's waiver of sovereign immunity, does not apply to cases in which 'statutes preclude judicial review.' 5 U.S.C. § 701(a)(1).

Second, under the APA, a federal district court may only review '[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court.'" *Id.* (citing 5 U.S.C. § 704.) "Thus, the APA does not express the U.S. government's consent to suit if an alternate adequate remedy is available to review a final agency action." *Id.*

To this end, Defendant argues that the availability of alternative procedures existed for Plaintiff to file his grievances, and the fact that he is currently pursuing at least one of them—an EEO claim—precludes review by this Court under the APA. (ECF No. 4, PageID.42.) Defendant argues that Plaintiff could also have appealed his "red flag" status to the head of the facility, the Network Director, the Board of Veterans Appeals, and the Court of Veterans Appeals. *Id.* I suggest that Defendant's view of the APA is correct, and it does not provide a valid waiver of sovereign immunity in this case.

Plaintiff received a letter indicating that parts of his EEO complaint would move forward—in this letter, the EEOC outlined the proper steps for Plaintiff to take moving forward. These included requesting a hearing through the EEOC, requesting a final agency decision from the VA, and he was also informed that if he wished to file a civil action in a United States District Court, he would need to name the Secretary of Veterans Affairs as the defendant. (ECF No. 4, Exhibit 4, PageID.69.) Indeed, I reiterate, the APA provides a waiver of immunity only by "'[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court.'" *Beamon v. Brown*, 125 F. 3d 965, 967 (6th Cir. 1997) (quoting 5 U.S.C. § 704.) "Thus, the APA does not express the U.S. government's consent to suit if an alternate adequate remedy is available to review a

9

final agency action." *Id*. I suggest that any waiver under the APA is not proper here where Plaintiff had several "other adequate remed[ies]" in other agency courts, such as the EEOC or the VA.[1]

In addition, and although Plaintiff does not raise this himself, Defendant argues that should Plaintiff seek waiver of sovereign immunity under the Mandamus Act, that too would fail. I suggest this is correct.

"Under the Mandamus Act, a district court may 'compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.'" *Hakki v. Secretary, Dep't of Veterans Affairs*, No. 2019 WL 7423554, at *5 (M.D. Fla. Sep. 26, 2019) (citing 28 U.S.C. § 1361). "A writ of mandamus is an extraordinary remedy available only in the clearest and most compelling of cases. 'The test for jurisdiction is whether mandamus would be an appropriate means of relief.'" *Hakki*, 2019 WL 7423554, at *5 (citing *Cash v. Barnhart*, 327 F.3d 1252, 1257 (11th Cir. 2003)). Relief under the Mandamus Act first requires that: "(1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) 'no other adequate remedy [is] available.'" *Hakki*, 2019 WL 7423554, at *5 (citing *Cash*, 327 F.3d at 1257)).

The Court in *Hakki* emphasized, "[s]imply stated, a writ of mandamus 'is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.'" *Hakki*, 2019 WL 7423554, at *5 (citing *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)).

---

[1] For example, *see* United States Department of Veterans Affairs, *Choosing a decision review option*, https://www.va.gov/resources/choosing-a-decision-review-option/ (last visited Nov. 22, 2021).

Similarly, albeit regarding a Freedom of Information Act ("FOIA") claim, the Sixth Circuit held that where an alternative remedy existed the Mandamus Act requirements were "unsatisfied": "the FOIA claim provide[d] an adequate and available remedy for [Rimmer], who, through the FOIA claim and the mandamus claim, [sought] the same relief—the production of documents, the district court, without addressing parts (1) and (2) of the mandamus test, found that part (3) was unsatisfied and thus that the mandamus claim fail[ed] on its face." *Rimmer v. Holder*, 700 F.3d 246, 252 (6th Cir. 2012) (citations and quotation marks omitted) (alterations in original). The Sixth Circuit affirmed this decision, holding that "[a]s discussed with reference to Rimmer's APA claim, [] not only does FOIA provide Rimmer with an adequate remedy to seek unredacted production of the documents at issue, but so does the *Touhy* framework, should Rimmer choose it [sic] pursue it. As Rimmer offers no argument to suggest otherwise, his mandamus claim fails the aforementioned three-part test." *Id*. at 264

I suggest the same analysis and conclusion apply in this case. A claim under the Mandamus Act would fail for the same reason a claim under the APA would fail—there are other remedies to be pursued. Specifically, and I find most persuasively, Plaintiff could pursue his grievances with the VA through the VA system of appeals, including the Board of Veterans Appeals and the Court of Veterans Appeals.

In his petition for a PPO, which was denied and for which the hearing the removed to this Court, Plaintiff seeks to stop Defendant from occupying any VA facility where Plaintiff visits or receives care. (ECF No. 1, PageID.8.) As one example of the basis for this request, Plaintiff provides that he needs a PPO because Defendant filed a "red-flag

11

report" regarding Plaintiff's behavior. (*Id*.) This would be the basis for which a Court could grant Plaintiff's petitioner for a PPO. However, Defendant is protected by sovereign immunity, and thus to consider the basis for the PPO it must meet a waiver of such immunity. *Clark*, 2021 WL 3129623, at *1. The two waivers raised by the parties would not apply because the issue Plaintiff takes with Defendant—the "red-flag report" on his file can be further appealed through, at least, the VA appeals options. *Beamon*, 125 F. 3d at 967; *Rimmer*, 700 F.3d at 252.

In conclusion, Defendant, as an agent of the government, is entitled to sovereign immunity and this protection has not been waived. Accordingly, Defendant's Motion should be granted for lack of jurisdiction.

### E. Conclusion

For the reasons discussed above, **IT IS RECOMMENDED** that Defendant's Motion for Summary Judgment, (ECF No. 4), be **GRANTED**, and the case be dismissed.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some

objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 30, 2021                              S/ PATRICIA T. MORRIS
                                                     Patricia T. Morris
                                                     United States Magistrate Judge