UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NERI TAWFIQ,

          Plaintiff,

v.

TERESA DUFRESNE,

          Defendant.

_____/

Case No. 21-cv-10976

Paul D. Borman
United States District Judge

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO CONSOLIDATE IN THIS CASE (ECF NO. 17)

On April 12, 2021, Plaintiff Neri Tawfiq, proceeding *pro se*, filed the instant lawsuit against his former supervisor, Teresa DuFresne, in Saginaw County Circuit Court. (ECF No. 1, PageID.8.) Defendant removed the action to this Court on April 30, 2021. (ECF No. 1.) Tawfiq is a former employee of the United States Department of Veteran Affairs (VA) and a veteran who receives medical care at VA medical centers. The VA terminated Tawfiq from his job in March 2021 and placed a behavioral flag on his patient records around that same time. Tawfiq alleged in this case that DuFresne was stalking him under Michigan's criminal stalking statute and he requested that DuFresne be prevented from "occupy[ing] any VA facility where [Tawfiq] receive[s] care," "sending mail or other communications to [Tawfiq]," and "filing false accusations report against [Tawfiq.]" (ECF No. 1, PageID.8.)

On December 21, 2021, the Court entered an Order adopting the Magistrate Judge's Report and Recommendation, granting Defendant's motion for summary judgment, and dismissing Tawfiq's claims against DuFresne. The Court entered a Judgment that same day and the case is closed. (ECF Nos. 8, 9.)

Since then, Tawfiq has filed seven additional lawsuits against individual VA employees allegedly involved in his termination and the placement of the behavioral flag on his patient record. *See Tawfiq v. Johnson*, Case No. 22-cv-10163; *Tawfiq v. DuFresne*, Case No. 22-cv-10164; *Tawfiq v. Hines*, Case No. 22-cv-10175; *Tawfiq v. Cauley*, Case No. 22-cv-10176; *Tawfiq v. Cauley*, Case No. 22-cv-10245; *Tawfiq v. Hines*, Case No. 22-cv-10328; and *Tawfiq v. McDonough*, Case No. 22-cv-10928. All of those cases have now been assigned, or reassigned pursuant to E.D. Mich. L.R. 83.11, to this Court. *Tawfiq v. Johnson*, Case No. 22-cv-10163, has been dismissed with prejudice on January 28, 2022, Judgment was entered that same day, and that case is closed. (ECF Nos. 5, 6.)

On March 2, 2022, Defendant United States of America filed an "Unopposed Motion to Consolidate" pursuant to Fed. R. Civ. P. 42(a). (ECF No. 17, Mot. Consol.) Defendant requests that this Court consolidate Tawfiq's cases with this case, the earliest-filed case, pursuant to Fed. R. Civ. P. 42(a), asserting that all of Tawfiq's cases arise from the same facts and assert similar legal claims. (*Id.*) On March 29, 2022, Defendant filed a Notice that Plaintiff has withdrawn his consent

to consolidation and now opposes Defendant's Motion to Consolidate. (ECF No. 20.)

Fed. R. Civ. P. 42(a) provides:

> (a) Consolidation. If actions *before the court* involve a common question of law or fact, the court may:
>
>> (1) join for hearing or trial any or all matters at issue in the actions;
>> (2) consolidate the actions; or
>> (3) issue any other orders to avoid unnecessary cost or delay.

(emphasis added).

"The objective of consolidation is to administer the court's business with expedition and economy while providing justice to the parties." *Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853, 866 (E.D. Mich. 2019). "The court weighs the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice." *Id.* "Once the threshold requirement of establishing a common question of law or fact is met, the decision to consolidate rests in the sound discretion of the district court." *Id.* "Consolidation is not justified or required simply because the actions *include* a common question of law or fact." *Id.* (emphasis in original).

Courts in this district, and elsewhere, generally find that consolidation is inappropriate with an action that has been dismissed, judgment has been entered, and the case is closed, reasoning that consolidation would not increase efficiency or

judicial economy. Those courts explain that Fed. R. Civ. P. 42 specifically addresses consolidation of "actions *before the court*," and once a case is closed, it is no longer "before the court." *See Northington v. Abdellatif*, No. 16-cv-12931, 2020 WL 1808538, at *3 (E.D. Mich. Apr. 9, 2020) ("Consolidating a closed case with an open case does not increase efficiency or economy in administering court business and is therefore not permitted under Federal Rule of Civil Procedure 42."); *Adelson v. Ocwen Loan Servicing, LLC*, No. 19-cv-13569, 2020 WL 6580628 at *5 (E.D. Mich. Nov. 10, 2020) (noting that a motion to consolidate would not be granted "because it is not appropriate to consolidate the instant action with the closed case"); *Switek v. Midland Cnty.*, No. 21-cv-12184, 2022 WL 533043 at *1 (E.D. Mich. Feb. 22, 2022) (agreeing "with its sibling courts that consolidation is not appropriate" with closed cases); *Nazario v. Thibeault*, No. 3:21-cv-216, 2022 WL 633733, at *7-8 (D. Conn. Mar. 4, 2022) (finding it inappropriate to consolidate closed actions with actions that are still pending before the court because "[d]ismissed cases are no longer 'before the court' as required by Rule 42(a)"); *Mainstream Advertising, Inc. v. Moniker Online Servs., LLC*, No. 17-cv-22714, 2017 WL 9672798, at *1 (S.D. Fla. Sept. 27, 2017) (collecting cases holding that it is inappropriate to consolidate a closed case with an open case).

Judgment has been entered in this case and it is closed. As explained above, it is not appropriate to consolidate this closed action with actions that are still

4

pending before the Court. Accordingly, Defendant's Motion to Consolidate in this case is DENIED.

The Court notes that Judgment also has been entered in the next "earliest" case, *Tawfiq v. Johnson*, Case No. 22-cv-10163, and that case is closed. The "earliest" open case "before the Court," for purposes of Fed. R. Civ. P. 42(a), is *Tawfiq v. DuFresne*, Case No. 22-cv-10164.

IT IS SO ORDERED.

Dated: May 19, 2022

s/Paul D. Borman
Paul D. Borman
United States District Judge